UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARRISON R. RITCHIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv208 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

    1.    The claimant meets the insured status requirements of the Social Security Act

through March 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 23, 2014, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: fibromyalgia; bulging lumbar disc; chronic tension headaches; and neuropathy idiopathic peripheral tarsal tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: the individual will require a single point cane for all ambulation; regarding sitting they would alternate to standing for five minutes after every thirty minutes of sitting; regarding standing they would alternate to sitting for five minutes after every thirty minutes of standing; and regarding walking they would alternate to sitting for five minutes after every thirty minutes of walking; posturally this person would frequently kneel crouch and crawl; and the remaining postural movements are occasional, such as climb ramps and stairs, climb ladders, ropes and scaffolds, balance and stoop.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 16, 1969 and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national

economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 23, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 20- 29).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on December 12, 2017. On December 27, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the Residual Functional Capacity, and considering the combined impact.

Specifically, Plaintiff argues that the ALJ misunderstood the relationship between visual disturbances and headaches, and failed to acknowledge that Plaintiff's physicians recorded and evaluated Plaintiff's visual disturbances. Plaintiff claims that the ALJ does not account for the visual disturbances in the RFC and does not acknowledge the effect of visual disturbances around hazards.

Plaintiff also argues that the ALJ does not include any handling and fingering limitations in the RFC. Plaintiff states that the cane adversely stresses his hands, and that he also experiences numbness and unsteadiness in his hands. Additionally, Plaintiff claims that he has bilateral shoulder problems and that the ALJ should have included reaching limitations in the RFC.

As the Commissioner points out, however, Plaintiff's arguments rely primarily on hearing testimony and not on medical evidence.

While the ALJ need not mention every piece of evidence in the record, the RFC determination must provide an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled. *Zblewski v. Astrue*, 302 Fed.Appx. 488, 492–93 (7th Cir.2008). The RFC assessment must include a narrative discussion which describes how the objective and subjective evidence supports each of the ALJ's conclusions. Id. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence

in the case record were considered and resolved." SSR 96–8p.

In the present case, the Commissioner notes that the ALJ explicitly considered Plaintiff's headaches under Listing 11.03, noting that the record lacked evidence that any such headaches occurred at the frequency or level of duration intensity, or severity as required by the Listing (Tr. 23). The ALJ also noted that Plaintiff's daily activities were not significantly altered as a result of his headaches and that the clinical records do not document reports to his physicians regarding the frequency or severity of headaches. (Tr. 23). The ALJ considered that although Plaintiff was diagnosed with tension type of headache in June 2014, by July 2014, his headaches had improved with Elavil (Tr. 26). The ALJ also cited to the record to show that no evidence supported any visual changes during a headache, during the relevant period of time (Tr. 27).

With respect to Plaintiff's alleged fingering and handling limitations, as well as shoulder problems, the Commissioner notes that the record fails to support the severity of Plaintiff's allegations. For example, a February 2014 treatment note demonstrated normal and unremarkable results, such as normal cranial nerves II-XII, normal optic fundus, normal motor examination, normal strength in all extremities with attention to muscles in both legs, unremarkable sensory examination, normal tendon reflexes, and that he ambulated well (Tr. 389). Similar normal results continued through 2014 and 2015. For example, treatment notes consistently demonstrated no pain with range of motion, full range of motion, no swelling or crepitus, normal appearance, for plaintiff's right shoulder, left shoulder, right elbow, left elbow, right hand, left hand, and all the digits in both his right and left hands (Tr. 353, 360, 399, 406, 413). In fact, there was no functional restriction due to any fingering, handling, or shoulder limitations in any of these records, and Plaintiff points to none (*Id.*). Notably, Plaintiff has declined to file a reply, giving up

his last opportunity to direct this court to any evidence supporting his arguments. The ALJ continued to note that through at least October 2015, the examinations indicated an impaired gait with use of a cane, however, with normal range of motion of all his extremities, no tenderness, and normal motor function (Tr. 26). The ALJ also considered that Plaintiff's conservative treatment, consisting of prescription medications and physical therapy, suggests that his impairments are not as severe as he alleges (*Id.*). The ALJ further considered that the record did not indicate that his treating physicians have recommended any greater treatment modalities (*Id.*). Additionally, neither the opinion evidence nor third party function reports note any functional limitations in fingering, handling, and reaching (Tr. 26-27). Nonetheless, the ALJ afforded the opinions only partial weight and assessed even greater limitations than those assessed by the physicians, by reducing plaintiff to a sedentary residual functional capacity with additional exertional limitations (Tr. 26).

In light of all the above, this court holds that substantial evidence supports the ALJ's decision and it will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: March 5, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court